**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Crews, | No. CV-25-00025-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Blackrock Debt Relief Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jason Crews' Motion for Default Judgment against Defendants Blackrock Debt Relief Corp and Artur Aminov (collectively "Defendants"). (Doc. 19).

I. **BACKGROUND**

Plaintiff alleges Defendants used an automated telephone dialing system ("ATDS") to place a call to Plaintiff in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*See generally* Doc. 1). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Blackrock on April 7, 2025, (Doc. 15), and against Mr. Aminov on April 27, 2025, (Doc. 16). On July 9, 2025, Plaintiff filed a Motion for Default Judgment against Defendants. (Doc. 19).

II. **DEFAULT JUDGMENT**

Once the Clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*,

616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). When considering these factors, a defendant is deemed to have admitted all well-pleaded allegations in the complaint but does not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Upon consideration of the *Eitel* factors, the Court concludes that entry of default judgment against Defendants is proper.

### a. The First, Fifth, Sixth, and Seventh *Eitel* Factors

"The first, fifth, sixth, and seventh factors weigh in favor of or are neutral about default judgment in cases in which the defendants have not participated in the litigation at all." *Joe Hand Promotions Inc. v. Sand Bar Enterprises LLC*, No. CV-24-00436-PHX-SPL, 2024 WL 4769777, at *2 (D. Ariz. Nov. 13, 2024); *see also Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020) ("In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed."); *Stands v. Future Trans Sys. LLC*, No. CV-24-00506-PHX-ROS, 2024 WL 4786111, at *1 (D. Ariz. Nov. 14, 2024) ("In *Eitel*, the defendant appeared to defend against the claims. Thus, many applicable factors do not provide meaningful guidance in this case.").

The first factor, possibility of prejudice, weighs in favor of default judgment because Plaintiff will be left without recourse if default judgment is not granted. The fifth factor, the possibility of disputed material facts, weighs in favor of default judgment because there is no genuine dispute over material facts considering Defendants' failure to participate, the allegations (now deemed admitted), and Plaintiff's declarations, (Docs. 14, 17). The sixth factor, excusable neglect, weighs in favor of default judgment because

Defendants were duly served and no other facts indicate that Defendants' default is attributable to excusable neglect. Finally, the seventh factor, whether policy favors a decision on the merits, does not preclude entering default judgment against Defendants. Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to answer, *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### b.      Second and Third *Eitel* Factors

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. CV-18-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). The Ninth Circuit has suggested that these two factors favor entering judgment when a plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo, Inc*, 238 F. Supp. 2d at 1175 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Plaintiff's complaint includes a single-count violation of the TCPA, 47 U.S.C. § 227. Specifically, Plaintiff alleges Defendants violated the TCPA "by sending calls, except for emergency purposes, to Plaintiff's telephone which is assigned to a cellular telephone service[,] using an ATDS." (Doc. 1 at 16–17). In the same count, Plaintiff asks for "injunctive relief prohibiting Defendants . . . from violating the TCPA . . . by making calls or sending messages, except for emergency purposes, to any number using an artificial or prerecorded voice in the future." (Doc. 1 at 17). In doing so, Plaintiff invokes two separate provisions in the TCPA (one prohibiting the use of an ATDS and the other prohibiting the use of an artificial or prerecorded voice).[1] Elsewhere, Plaintiff seems to believe that he brought a *three*-count complaint; in his Motion, Plaintiff states that he "adequately and specifically stated claims for" violations of (1) Section 227(b)(1)(B); (2) Section

---

[1] Similarly, the "preliminary statement" in Plaintiff's complaint alleges Defendants placed a call using an ATDS, to a number assigned to a cellular service, which included an automated or pre-recorded voice. (Doc. 1 at 2). Plaintiff's factual allegations also include both an ATDS and a prerecorded voice. (Doc. 1 at 6).

227(b)(1)(A)(iii); and Section 227(c). (Doc. 19 at 7).

Plaintiff asks the Court to award him $500 for "[o]ne violation," and then asks the Court to treble that amount. (Doc. 19 at 10). While damages are discussed more in-depth below, the Court finds Plaintiff's damages calculation instructive. Even if it could be argued that Plaintiff included three "theories" of TCPA violations in his single-count complaint, Plaintiff clearly only seeks an award for one violation.[2] Because "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," the Court need only decide whether Plaintiff stated a single claim on which he may recover under the TCPA. Fed. R. Civ. P. 54(c).

To succeed on a § 227(b)(1)(A)(iii) claim, Plaintiff must show: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

Here, Plaintiff alleges he received a call from Defendants on November 19,[3] 2024. (Doc. 1 at 6). Plaintiff alleges this call was made using an ATDS and that he did not consent to receiving such a call. (Doc. 1 at 6–8). In alleging so, Plaintiff includes language nearly identical to language he used in a prior complaint. (*Compare* Doc. 1 at 7–8 ¶¶ 52–59 *with* CV 23-1589-PHX-DWL Doc. 1 at 7–8 ¶¶ 43–50). In that case, this Court found that "the complaint assert[ed] in conclusory fashion that Defendants used an ATDS, [and] that assertion [was] not supported by the remaining factual allegations in the complaint." *Crews v. Sun Sols. AZ LLC*, No. CV-23-01589-PHX-DWL, 2024 WL 2923709, at *4 (D. Ariz. June 10, 2024). However, here, Plaintiff includes three, additional factual allegations; he states that he believes an ATDS was used because (1) the call was "initiated . . . with an

---

[2] Additionally, because Plaintiff alleged in his complaint that he received just one phone call (although he later claims that he "pleads that he received two calls," (Doc. 19 at 9)), Plaintiff is entitled to a maximum of $500 in statutory damages because "[a] plaintiff cannot seek multiple damages where one call violates multiple regulations." *Aussieker v. TSHB, LLC*, No. 222CV01886DADCKDPS, 2024 WL 379394, at *5 (E.D. Cal. Feb. 1, 2024), *report and recommendation adopted*, No. 222CV01886DADCKDPS, 2024 WL 870449 (E.D. Cal. Feb. 29, 2024).

[3] Shortly thereafter, Plaintiff wrote the date of the phone call as November 11. (Doc. 1 at 6). The Court presumes this was a typo.

- 4 -

automated message with no apparent intervention of a human," (2) representatives "attempted to conceal the identity of their company," and (3) the offered services "did not target Plaintiff individually or any individual." (Doc. 1 at 7). Taken as true, Plaintiff's allegations that he picked up a phone call to an impersonal, automated, prerecorded message support a reasonable inference that Defendants used an ATDS. *See Ewing v. Senior Life Plan., LLC*, No. 19-CV-1005-BAS-LL, 2019 WL 4573703, at *4 (S.D. Cal. Sept. 18, 2019) (finding plaintiff sufficiently alleged violation of TCPA based on similar facts). Accordingly, the second and third *Eitel* factors favor entry of default judgment.

The Court also notes here that Plaintiff's complaint names Artur Aminov as a defendant. (*See generally* Doc. 1). Mr. Aminov is alleged to be the "owner and manager" of Blackrock. (Doc. 1 at 1). Although Plaintiff spoke to two individuals associated with Blackrock, Mr. Aminov was not one of them. (*See* Doc. 1 at 6–7). Thus, Plaintiff's allegations against Mr. Aminov are entirely based on Mr. Aminov's status as "owner and manager" of Blackrock. (*See, e.g.,* Doc. 1 at 9–10). However, it is not enough to allege that Mr. Aminov generally participated in the operations of Blackrock.[4] Rather, "corporate actors may be held individually liable for violating the TCPA [only] where they had *direct, personal participation in or personally authorized the conduct* found to have violated the statute." *Mora v. Zeta Interactive Corp.*, 2016 WL 3477222, *2 (E.D. Cal. 2016) (cleaned up) (emphasis added); *see also Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046, at 1056–57 (D. Or. 2014) ("[C]orporate officers may be held individually liable under the TCPA if, as alleged here, they personally participated in or otherwise authorized the commission of wrongful acts, even if done on behalf of a corporation."). Because Plaintiff has not, and seemingly cannot, make specific factual allegations that suggest that Mr.

---

[4] Plaintiff relies heavily on *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001). In that case, the Court found that the corporate actors "controlled all of [the company's] day-to-day operations," "had direct, personal involvement in and ultimate control over every aspect of [the company's] wrongful conduct," and "had good reason to believe they were running a business that violated the TCPA." 164 F. Supp. 2d at 898. Even if this case was persuasive authority, because Plaintiff did not interact with Mr. Aminov or otherwise inquire about Mr. Aminov's level of involvement, the Court cannot conclude that Plaintiff has sufficiently alleged that Mr. Aminov's involvement rises to the same level.

Aminov personally participated in or authorized the phone calls, the Court will not find Mr. Aminov individually liable. As a result, Plaintiff's single-count complaint fails to state a claim upon which relief can be granted against Mr. Aminov. *See* Fed. R. Civ. P. 12(b)(6). Leave to amend the complaint would be futile because Plaintiff was required to establish his entitlement to liability against each defendant in his Motion for Default Judgment, and Plaintiff makes no mention of Mr. Aminov in his Motion. Moreover, Plaintiff was fully aware of the requirements to hold corporate officers individually liable, as he has attempted to do so in a prior case, and the Court explained why his allegations were insufficient. *See Crews*, 2024 WL 2923709, at *7 (declining to impose liability on individual defendant). Knowing of these requirements, Plaintiff was nonetheless unable to allege specific facts that would result in Mr. Aminov's personal liability. Given that Plaintiff apparently has no such facts to allege, amendment would be futile.

### c. Fourth *Eitel* Factor

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Here, Plaintiff seeks damages pursuant to the TCPA. (*See generally* Doc. 1). Plaintiff requests total damages in the total amount of $2,025, $1,500 of which are statutory damages. (Doc. 19 at 10). The Court finds that the stated damages are not unreasonable or inappropriate. Accordingly, this factor weighs in favor of entering default judgment.

### d. Conclusion

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's Motion for Default Judgment. Having concluded that entry of default judgment is appropriate under the circumstances, the Court will now turn to evaluate Plaintiff's request for damages.

## II. REMEDIES

Plaintiff requests both monetary damages and injunctive relief. Under the TCPA, Plaintiff may recover "$500 in damages for each [] violation." 47 U.S.C. § 227(b)(3)(B). If the Court finds that the defendant willfully or knowingly violated the TCPA, the Court has discretion to increase this amount to $1,500 per violation. 47 U.S.C. § 227(b)(3).

Here, Plaintiff alleges that "Defendants' violations were willful and/or knowing." (Doc. 1 at 17). Accordingly, Plaintiff seeks $1,500 in monetary damages under the TCPA. (Doc. 1 at 17; Doc. 19 at 10). However, Plaintiff "has not put forth evidence that [Defendants] has previously violated the TCPA or that non-trebled damages are insufficient to deter future TCPA violations." *Aussieker*, 2024 WL 379394, at *5 (E.D. Cal. 2024). As such, the Court declines to award trebled damages, but finds that Plaintiff is entitled to $500 in statutory damages for Defendants' violation of the TCPA.

Plaintiff also seeks to recover the cost of his filing fees ($402) and service fees ($75). (Doc. 19 at 10). Plaintiff may seek an award of taxable costs following the entry of the judgment and in accordance with Local Rule of Civil Procedure 54.1.

Finally, Plaintiff seeks injunctive relief in the form of a prohibition on Defendants, affiliates, agents, or other persons or entities acting on Defendants' behalf, from "making calls or sending messages, except for emergency purposes, to any number using an artificial or prerecorded voice." (Doc. 1 at 17). Plaintiff has not asserted that he received more than one call, nor has he asserted that he received additional calls after filing this suit. *Cf. Chen Wang v. Def. Tax Grp. Inc.*, No. CV-20-01193-CJC-MRWx, 2020 WL 6786197, at *3 (C.D. Cal. Oct. 8, 2020) (awarding injunction where plaintiff established multiple TCPA violations and declared that she received additional messages after filing suit). Plaintiff's request is also overly broad. *Cf. Aussieker*, 2024 WL 379394, at *6 (awarding injunction where plaintiff "request[ed] that defendant be enjoined from making any future solicitation calls to plaintiff" *at plaintiff's specific phone number*). Accordingly, the Court will not enter an injunction.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant Artur Aminov is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 19), is **granted in part and denied in part**. The Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant Blackrock Debt Relief Corp in the amount of $500.

**IT IS FURTHER ORDERED** that Plaintiff may submit a bill of costs in accordance with Local Rule of Civil Procedure 54.1 within fourteen (14) days of this Order.

Dated this 25th day of July, 2025.

James A. Teilborg
Senior United States District Judge