WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Jason Crews, | No. CV-25-00025-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Blackrock Debt Relief Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's unopposed Motion for Extension of Time to File Bill of Costs. (Doc. 22). The Court now rules on the motion.

## I. BACKGROUND

On July 25, 2025, the Court entered default judgment in favor of Plaintiff and ordered Plaintiff if seeking costs to submit a bill of costs within fourteen days of that order in accordance with Local Rule of Civil Procedure 54.1 ("Local Rule 54.1"). (Doc. 20). The deadline for filing a bill of costs was therefore July 8, 2025. Plaintiff's Bills of Costs (Docs. 23, 24) were filed two days after that deadline on July 10, 2025, along with a Motion for Extension of Time to File Bill of Costs. (Doc. 22).

## II. LEGAL STANDARD

Local Rule 54.1 provides that "[a] party entitled to costs shall, within fourteen (14) days after the entry of final judgment, unless time is extended under Rule 6(b), Federal Rules of Civil Procedure, file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk." LRCiv 54.1(a). Rule 6(b) states that "the court

may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(a)(1)(B).

Excusable neglect rests on the relevant circumstances surrounding a party's failure to meet a deadline. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Supreme Court has set forth four factors to be considered in determining if excusable neglect exists: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855–56 (9th Cir. 2004) (citing *Pioneer*, 507 U.S. at 395).

### III.   DISCUSSION

The first two factors weigh in favor of Plaintiff. Default judgment was already entered against Defendant, so the risk of prejudice to Defendant is low. Moreover, a minimal delay of two days that occurred after the entry of judgment has not adversely impacted the judicial process. *See Bond v. Am. Fam. Mut. Ins. Co.*, No. CV-06-1249-PHX-DGC, 2008 WL 4601480, at *3 (D. Ariz. Oct. 16, 2008) (finding that the first two factors weighed in favor of granting an extension of time when the bill of costs was filed 31 days late because no party would be unfairly prejudiced and the delay had "not adversely impacted the judicial process"); *Rivera v. Town of Patagonia*, No. CIV 16-164-TUC-CKJ, 2018 WL 3304602, at *8 (D. Ariz. July 5, 2018) (finding a three day extension to be a "minimal delay" that does not "impact the judicial proceedings").

The third factor—the reason for delay—weighs against Plaintiff. Plaintiff claims the delay was due to Plaintiff's "personal travel commitments," which Plaintiff asserts were "caused by circumstances beyond Plaintiff's immediate control." (Doc. 22 at 1–2). Plaintiff does not explain why the circumstances were beyond Plaintiff's control. "Plaintiff has an obligation to adhere to the deadlines in his case." *Macias v. Pegasus Group, LLC*, No. CV-19-01961-PHX-DWL, 2019 WL 2395610, at *2 (D. Ariz. June 6, 2019). However, even when the reason for the delay is weak, where the equities favor excusing the negligence,

the court must do so. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224–25 (9th Cir. 2000) (reason for delay was travel, jet lag, and the time it took to sort through the mail).

The last factor weighs in favor of Plaintiff. The Court has no reason to doubt that Plaintiff acted in good faith. Plaintiff has not previously sought extensions of time, and Plaintiff promptly filed the Bills of Costs and notified the Court of the missed deadline. (Doc. 22 at 2); *see Connor v. Wilmington Tr. NA*, No. CV-19-01076-PHX-DWL, 2019 WL 13251963, at *3 (D. Ariz. June 25, 2019) (stating that "missed deadlines and other violations" during the proceeding "creates some uncertainty as to this factor"). Moreover, Plaintiff could not have gained any practical advantage by missing the deadline to file a bill of costs. *See Macias*, 2019 WL 2395610, at *2 (finding the movant acted in good faith because there was "no evidence of bad faith" and "not even any imaginable bad-faith motive" for Plaintiff to miss the deadline).

In sum, the Court finds that the first, second, and fourth factors weigh in favor of granting the motion, and the third factor weighs against granting the motion. The Court therefore grants the motion.

**IV.  CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's unopposed Motion for Extension of Time to File Bill of Costs (Doc. 22) is **GRANTED**. The Bills of Costs filed on August 10, 2025 (Docs. 23, 24) are deemed to be timely filed.

Dated this 15th day of October, 2025.

James A. Teilborg
Senior United States District Judge